## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

NICHOLAS SOTO-CAMARGO, JR. (01),

        Defendant.

Case No. 14-40129-01-DDC

### <u>MEMORANDUM AND ORDER</u>

Defendant Nicholas Soto-Camargo, Jr. has moved for a reduced sentence. Doc. 638. His motion invokes Amendment 821 to the United States Sentencing Guidelines, codified in Guideline § 4C1.1(a). *Id.* at 1. This relatively new provision reduces by two levels the total offense level for some but not all offenders—more about that in a moment—who receive zero criminal history points. But here's the problem with Mr. Soto-Camargo's motion: He didn't have zero criminal history points. He had three. *See* Doc. 495 at 33 (Presentence Investigation Report ¶ 167) ("The total criminal history score is three. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of three establishes a criminal history category of II."). This means the defendant is ineligible for a reduced sentence at the threshold inquiry of the controlling analysis. *See* Guideline § 4C1.1(a)(1) (requiring a finding that "the defendant did not receive any criminal points from Chapter Four, Part A").[1]

Because Mr. Soto-Camargo, Jr. does not qualify for a reduced Guidelines range, he does not meet the statutory criteria for a reduced sentence. That is, he wasn't sentenced "to a term of imprisonment based on a sentencing range" later reduced by the Sentencing Commission.

---

[1] The government's correct that even if Mr. Soto-Camargo, Jr. hadn't amassed any criminal history points, he still couldn't secure a reduced sentence. *See* Doc. 641 at 2–3. That's because he received a four-level enhancement under Guideline § 3B1.1(a), Doc. 495 at 31 (¶ 156), and that enhancement precludes relief under this zero-point Guideline. *See* Guideline § 4C1.1(a)(10).

18 U.S.C. § 3582(c)(2).  Given this conclusion, the court dismisses Mr. Soto-Camargo, Jr.'s

motion (instead of denying it) because the court lacks jurisdiction to modify his sentence.  *See,*

*e.g.*, *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) ("Mr. White was ineligible to

receive a sentence reduction under § 3582(c)(2). . . . [D]ismissal for lack of jurisdiction rather

than denial on the merits is the appropriate disposition of Mr. White's § 3582(c)(2) motion.").

**IT IS THEREFORE ORDERED** that defendant Nicholas Soto-Camargo, Jr.'s Motion

for "3582(c)(2) SENTENCING REDUCTION BASED ON AMENDMENT 821 U.S.S.G. §

4C1.1(A)" (Doc. 638) is dismissed.

**IT IS SO ORDERED.**

**Dated this 21st day of February, 2025, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**